UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  01/07/2026__

PENN-STAR INSURANCE CO.,

                Plaintiff,

          -v-

ALL STAR 1, LLC, et al.,

                Defendants.

---------------------------------------------------------------------X

24-cv-07311 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

This order further documents the rulings made at the conference on January 7, 2026. Counsel for all appearing parties appeared as did a representative of the corporate defendants.

The Court finds that the motion for Todd Kremin and Agulnick Kremin P.C. to withdraw as counsel for All Star 1 LLC, Star Rubbish Removal LLC, All Star Companies, and Star Companies LLC (collectively, "Corporate Defendants") is well-founded. Mr. Kremin has established cause for withdrawal and the delay will not impede progress in this case. The Court intends to grant the motion upon the filing of the proof of service discussed below.

The Corporate Defendants are advised that corporations, partnerships, and limited liability companies may appear in federal court only through a licensed attorney. *See, e.g. Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Accordingly, should the Corporate Defendants fail to appear through a licensed attorney, the Court may find them in default for failure to defend. *See* Fed. R. Civ. P. 55(a). If the well-pleaded allegations of the complaint establish liability as a matter of law, the Court may enter the requested declaratory judgment. *See JC Hospitality v. Hochberg*, 2025 WL 3124313, at *5 (S.D.N.Y. Nov. 7, 2025). The

Corporate Defendants therefore are warned that the failure to obtain counsel on a timely basis may result in the entry of a default judgment against them.

During the conference, Plaintiff sought an order compelling production of documents and responses to interrogatories and requests for admission that have been outstanding since August 2025.  Plaintiff has leave to file a letter motion of no more than three pages to compel discovery from the Corporate Defendants.  Such letter motion shall be filed no later than January 16, 2026.

Except as set forth above with respect to the filing of a letter motion seeking to compel discovery, the Court stays this case until February 13, 2026 for the Corporate Defendants to seek to retain counsel.  A response to Plaintiff's motion to compel shall be due on February 13, 2026. Failure to file a response through counsel admitted to the bar of this Court may result in the Court treating the motion as unopposed.

Mr. Kremin is directed to email a copy of this order to the Corporate Defendants and to file proof of service on the docket.

The Corporate Defendants are further advised that that there is a Pro Se Law Clinic available to assist unrepresented parties in civil cases.  The Clinic may be able to provide advice in connection with a case.  The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court.  Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment.  If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org).  In-person appointments in the Thurgood Marshall Courthouse are

available Monday through Thursday, 10:00 AM to 4:00 PM.  Appointments are also available

remotely Monday through Friday, 10:00 A.M. to 4:00 P.M.

        SO ORDERED.

Dated: January 7, 2026
       New York, New York

                                        LEWIS J. LIMAN
                              United States District Judge

3