UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

PENN-STAR INSURANCE CO.,              :

                                :

                Plaintiff,      :

                                :             24-cv-07311 (LJL)

      -v-                     :

                                :        MEMORANDUM AND

ALL STAR 1 LLC, et al.,            :            ORDER

                                :

                Defendants.    :

                                :
-------------------------------------------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: _04/29/2026_ |

LEWIS J. LIMAN, United States District Judge:

Plaintiff Penn-Star Insurance Company ("Plaintiff" or "Penn-Star") moves to compel Defendants All Star 1, LLC ("All Star"), Star Rubbish Removal LLC ("Star Rubbish Removal"), All Star Companies, and Star Companies LLC (collectively, "Corporate Defendants") to respond to outstanding discovery requests. Dkt. No. 69. By order of January 7, 2026, the Court directed Corporate Defendants to retain counsel and respond to Plaintiff's motion to compel by February 13, 2026. The Corporate Defendants have not done so and remain unrepresented by counsel. The Court will therefore treat Plaintiff's motion as unopposed.

Penn-Star initiated this lawsuit by complaint filed on September 26, 2024. It seeks to resolve a dispute as to the coverage afforded under the insurance policy issued by Penn-Star to All Star and Star Rubbish Removal for the period of April 4, 2023 to April 4, 2024 under policy number PAV0432400 (the "Policy"). Dkt. No. 1 ¶ 31. At issue are seven underlying actions filed in New York Supreme Court wherein the underlying plaintiff seeks damages from All Star for alleged bodily injuries sustained during a work-place accident that took place during the Policy period and while the underlying plaintiff was employed by a contractor (the "All Star Actions"). *Id.* ¶¶ 31, 35–41. Penn-Star alleges that All Star and Star Rubbish Removal made

material misrepresentations as to their operations, including scope of work, number of employees, use of subcontractors, annual payroll, and gross annual revenue, in order to obtain the Policy from Penn-Star.  *Id.* ¶ 45.  Penn-Star issued the Policy on the basis of those representations and now seeks to rescind the policy.  *Id.* ¶¶ 44, 48.  Penn-Star also seeks a declaration that it has no obligation to pay anything to any of the parties seeking damages for bodily injuries and costs in the All Star Actions.  *Id.* ¶ 52; *see also id.* ¶¶ 35–41 (summary of pending actions).

The Corporate Defendants appeared through counsel, Todd Kremin ("Kremin"), on June 2, 2025, Dkt. No. 47, and answered the complaint on July 3, 2025, Dkt. No. 51.  The Court issued a case management plan and scheduling order setting December 19, 2025 as the deadline for the completion of discovery.  Dkt. No. 61.  Two days prior to that deadline, on December 17, 2025, Corporate Defendants filed a letter motion for an extension of time to complete discovery.  Dkt. No. 62.  Counsel stated that Corporate Defendants are no longer an operational business, counsel was unable to obtain documents from their clients, and, as a result, "responses to all of Plaintiff's discovery demands remain outstanding."  *Id.*  Kremin moved to withdraw as counsel on December 24, 2025 and the Court issued an order on January 7, 2026, stating that Kremin established cause for withdrawal and the motion would be granted upon the filing of proof of service of the order on Corporate Defendants.  Dkt. Nos. 67, 71.  The Court issued a stay until February 13, 2026 to allow Corporate Defendants time to retain new counsel and respond to Penn-Star's forthcoming motion to compel.  Dkt. No. 67.  The Court warned that absent response from the Corporate Defendants, Penn-Star's motion would be treated as unopposed and absent appearance by counsel, Corporate Defendants may be subject to default judgment.  Dkt. No. 67.

Corporate Defendants have not retained new counsel or complied with their discovery obligations.

Penn-Star moves pursuant to Federal Rule of Civil Procedure 37 to compel the Corporate Defendants to produce all outstanding discovery and moves for an issuance of sanctions in the form of an order striking the Corporate Defendants' answer and precluding any opposition to the allegations asserted in this action relevant to the All Star Actions. Dkt. Nos. 69, 70. Penn-Star notes that despite repeated requests for Corporate Defendants to respond to discovery requests, Corporate Defendants have provided a statement pursuant to Federal Rule of Civil Procedure 26 and have otherwise provided no responses and produced no documents. Dkt. No. 69. By failing to respond to Penn-Star's discovery requests, the Corporate Defendants are in clear violation of the Court's order requiring all discovery be complete by December 19, 2025, Dkt. No. 61, and its subsequent January 7, 2026 order requiring Corporate Defendants to retain counsel by February 13, 2026 in order to participate in this action.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party "may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory . . . or . . . fails to produce documents." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Where a party fails to comply with a court order to provide discovery, including an order setting a discovery schedule pursuant to Federal Rule of Civil Procedure 26(f), the court may issue further orders, including an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

3

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). A court's broad discretion in imposing discovery sanctions pursuant to Rule 37 "is cabined by two basic limitations: first, 'the sanctions must be 'just,' and second, the sanctions 'must relate to the particular claim to which the discovery order was addressed.'" *Morgan Art Found. Ltd. v. McKenzie*, 2025 WL 2528301, at *6 (S.D.N.Y. Sept. 3, 2025) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991)).

"Discovery sanctions under [Rule] 37 are deterrents (specific and general) meant to punish a recalcitrant or evasive party." *In re Gravel*, 6 F.4th 503, 515 (2d Cir. 2021). "In imposing Rule 37 sanctions, . . . courts properly consider various factors, including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (alteration adopted) (quoting *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *accord Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (terminating sanctions); *J.C. v. Zimmerman*, 2023 WL 6308493, at *7 (S.D.N.Y. Sept. 28, 2023), *aff'd*, 150 F.4th 136 (2d Cir. Aug. 13, 2025). "Because the text of the rule requires only that the district court's orders be 'just,' however, and because the district court has 'wide discretion in imposing sanctions under Rule 37,' these factors are not exclusive, and they need not each be resolved against" the sanctioned party. *S. New Eng. Tel. Co.*, 624 F.3d at 144 (quoting *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007)); *accord In*

*re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 354 (S.D.N.Y. 2023).

Sanctions in the form of striking the Corporate Defendants' answer and precluding the Corporate Defendants from contesting the allegations of the complaint are warranted. As to the first factor, "[n]on-compliance is willful 'when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.'" *Manta Indus. Ltd. v. Anand*, 2024 WL 4872260, at *4 (S.D.N.Y. Nov. 22, 2024) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 536 (S.D.N.Y. 2002)). Here, the Court's scheduling order clearly required Corporate Defendants to complete discovery by December 19, 2025, Dkt. No. 61, and Corporate Defendants' deficient production resulted from factors within their control: their own failure to provide documents to counsel, Dkt. No. 62. Moreover, Corporate Defendants acknowledged their understanding of the Court's order by moving for an extension of discovery and admitting that "responses to all of Plaintiff's discovery demands remain outstanding." Dkt. No. 62. The Court's subsequent order set a clear deadline for Corporate Defendants to retain counsel and respond to Penn-Star's motion to compel, Dkt. No. 67, and Corporate Defendants were served with notice of that order by their former counsel, Dkt. No. 68. Corporate Defendants still have not complied with the Court's orders. The Court finds the Corporate Defendants' failure to meet their discovery obligations to be willful.

As to the second factor, lesser sanctions will likely not be effective because Corporate Defendants have already disobeyed prior orders and will be unable to respond to orders directing compliance without retaining counsel. *See Power Up Lending Grp., LTD v. Proto Script Pharm. Corp.*, 2021 WL 4080579, at *6 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 4078466 (E.D.N.Y. Sept. 8, 2021) (striking answer and entering default judgment as a

Rule 37 sanction where defendant did not comply with discovery scheduling order, failed to retain new counsel as directed, and failed to participate in litigation since attorney withdrawal). Moreover, given counsel's assessment of Corporate Defendants' precarious financial status, Dkt. No. 62, a sanction in the form of an award attorneys' fees would also not be effective. *See Sahebdin v. Khelawan*, 2025 WL 2933001, at *3 (E.D.N.Y. Aug. 13, 2025), *report and recommendation adopted*, 2025 WL 2642133 (E.D.N.Y. Sept. 15, 2025) (granting motion to strike defendant's answer as a Rule 37 sanction where defendant failed to appear with counsel and claimed limited financial means).

The duration of the Corporate Defendants' noncompliance also counsels in favor of sanctions. Their noncompliance has persisted from the beginning of their discovery obligations. Penn-Star contacted the Corporate Defendants regarding deficient discovery on August 21, 2025, September 25, 2025, November 3, 2025, November 17, 2025 and December 5, 2025. Dkt. No. 69 at 3. Corporate Defendants have yet to respond to Penn-Star's discovery requests. Courts in this district have found noncompliance for a similar period of time sufficient to warrant sanctions as serious as dismissal or default. *See e.g., Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (affirming dismissal following three-month period where defendant violated a series of court orders regarding discovery); *Agiwal*, 555 F.3d at 303 (affirming dismissal following six months of noncompliance with discovery orders); *Urbont v. Song Music Ent.*, 2014 WL 6433347, at *4 (S.D.N.Y. Nov. 6, 2014) (severe sanction warranted where defendant failed to comply with discovery schedule and made no contact with counsel or the court for over six months). As to the fourth factor, Corporate Defendants were warned that failure to respond to Penn-Star's motion may result in the Court treating Penn-Star's motion as unopposed. Dkt. No. 67 at 2.

6

Penn-Star's motion to compel and motion for sanctions is GRANTED.  The Court strikes the answer at Dkt. No. 51 and hereby precludes the Corporate Defendants from contesting the allegations in the complaint as to the All Star Actions.

Moreover, as no counsel has appeared on behalf of Corporate Defendants, Plaintiff may move for a default judgment.  *See H. Daya Int'l Co., Ltd. v. Do Denim LLC*, 2012 WL 2524729, at *5 (S.D.N.Y. June 29, 2012) (granting motion for default judgment where corporate defendants failed to retain replacement counsel).

The Clerk of Court is respectfully directed to close Dkt. Nos. 62, 69, and 70.

SO ORDERED.

Dated: April 29, 2026
       New York, New York

$\underline{\hspace{5cm}}$
             LEWIS J. LIMAN
         United States District Judge